UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: QADIYR SADIQ

    Debtor.                                Bankruptcy Case No. 3:24-bk-2053-BAJ

_____

QADIYR SADIQ,

    Appellant,

v.                                                                    Case No.  3:24-cv-1025-MMH

U.S. COURTS,

    Appellee.

_____

QADIYR SADIQ,
d/b/a Sadiq's Bistro,

    Appellant,

v.                                                                    Case No.  3:24-cv-775-MMH

DOUGLAS NEWAY and
HON. JASON BURGESS,
    Appellees.

_____

## O R D E R

**THIS CAUSE** is before the Court sua sponte. These two bankruptcy appeals are taken from the same underlying bankruptcy case. See generally Case Nos. 3:24-cv-775-MMH (First Appeal); 3:24-cv-1025-MMH (Second Appeal); 3:24-bk-2053-BAJ (Bankruptcy Case). In the First Appeal, Appellant Qadiyr Sadiq sought to take an interlocutory appeal of the Bankruptcy Court's order striking Sadiq's Form 101A. See Debtor's Notice of Appeal of Non-Final Order; Motion for San[c]tions; Motion to Stay All Action (First Appeal Doc. 1; Notice and Motion), filed in Bankruptcy Court on July 30, 2024; Order Striking Official Form 101A (Bankruptcy Case Doc. 9; 101A Order), entered on July 19, 2024. After Sadiq took the First Appeal, the Bankruptcy Court entered a final order dismissing his bankruptcy case. See Order Dismissing Chapter 13 Case with Prejudice (Bankruptcy Case Doc. 59; Dismissal Order), entered on September 11, 2024. In the Second Appeal, Sadiq appeals the Dismissal Order. See Debtor's Notice of Final Order of Dismissal of Chapter 13 Case (Second Appeal Doc. 1; Notice of Second Appeal), filed in Bankruptcy Court on September 20, 2024. Upon review of the record in these appeals, and in light of the fact that the two appeals arise from the same proceeding, the Court concludes consolidation of these appeals is appropriate. See Fed. R. Bankr. P. 8003(a)(4) ("The notice of appeal encompasses all orders that, for purposes of

appeal, merge into the identified judgment or appealable order or decree."); id. 8003(b)(2) ("When parties have separately filed timely notices of appeal, the district court or [Bankruptcy Appellate Panel] may join or consolidate the appeals."). The two appeals plainly involve common questions of law and fact, and the records in each appeal are practically identical, with the record in the Second Appeal including everything included in the record of the First Appeal, plus all filings made after the First Appeal. Moreover, given the commonality between Sadiq's First and Second Appeals, the Court finds that consolidation is likely to promote efficiency, reduce redundancy, and conserve resources. Because the First Appeal is ripe for disposition but briefs have not yet been filed in the Second Appeal, the Court directs the parties to make all future filings in the Second Appeal. The Court cautions the parties that further briefing of the issues discussed in the First Appeal is duplicative and unnecessary. Any document filed in the Second Appeal that addresses issues raised in the First Appeal may be stricken without notice. Accordingly, it is

**ORDERED:**

1. The Clerk of the Court is **directed** to consolidate Case Nos. 3:24-cv-775 and 3:24-cv-1025. The later-filed case, Case No. 3:24-cv-1025, shall serve as the lead case.

- 3 -

2. The Clerk of the Court is **directed** to file the following documents from Case No. 3:24-cv-775 in the lead case, Case No. 3:24-cv-1025:

    a. Notice of Appeal (Doc. 1)

    b. Appellant's Initial Brief (Doc. 2)

    c. Response and Motion to Strike Appellant's Initial Brief (Doc. 6)

    d. Objection to Appellant's Brief (Doc. 7)

    e. Order (Doc. 8)

    f. Plaintiff's Reply Brief (Doc. 9)

    g. Response to Plaintiff's Reply Brief (Doc. 10)

    h. Supplemental Response (Doc. 11)

3. The Clerk shall then **terminate** any pending motions in Case No. 3:24-cv-775 and close the file.

4. The parties are **directed** to use the above case heading for all future filings, which shall be made only in the lead case, Case No. 3:24-cv-1025.

*(remainder of page intentionally left blank)*

- 4 -

5. The briefing schedule set in the Second Appeal remains in place. Briefing on the issues raised in the First Appeal is complete and no further briefing on those matters is necessary or permitted at this time.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record